IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:04-CV-580-H

LUMBERMENS MUTUAL CASUALTY )
COMPANY, )
 )
 )
    Plaintiff, )
 )
 )
v. ) **ORDER**
 )
 )
FIRST INSURANCE SERVICES, )
INC., )
 )
    Defendant. )


This matter is before the court on defendant First Insurance Service, Inc.'s ("the Agency") motion for summary judgment [DE #39]. Plaintiff Lumbermens Mutual Casualty Company ("Kemper")[1] has responded. By order filed June 27, 2008, this matter was referred to United States Magistrate Judge David W. Daniel for the entry of a memorandum and recommendation ("M&R") on defendant's motion for summary judgment. Judge Daniel entered the M&R on August 12, 2008. Plaintiff has objected to a portion of the M&R, and defendant has responded. This matter is ripe for adjudication.

This is a diversity action involving a dispute over payment on

---

1 As noted in the M&R, Lumbermens Mutual Casualty Company is a subsidiary of Kemper Insurance Group. The Graham policy was issued by another Kemper Subsidiary, American Protection Insurance Company. For clarity, the court refers to plaintiff as Kemper.

a homeowners' insurance policy after a fire destroyed the house that was the subject of the policy. Defendant Agency assisted John Graham, a homeowner, in obtaining homeowner's insurance from Kemper. Plaintiff Kemper argues that defendant Agency is liable for the net amount paid by Kemper due to the fire loss under the Graham policy based on claims of breach of contract, breach of fiduciary duty, misrepresentation, and negligence. Defendant, the Agency, filed the motion for summary judgment currently before the court as to three of the four claims, breach of contract, misrepresentation and negligence.

In the M&R on defendant's motion for summary judgment, the magistrate judge recommends that defendant's motion for summary judgment be granted in part and denied in part. Specifically, he recommends that defendant's motion for summary judgment be granted as to the breach of contract claim and denied as to the negligence claim. Neither party objects to the recommendations on these two claims.

As to the claim for misrepresentation, the magistrate judge noted that there are three specific areas of alleged misrepresentation: (1) the Fire Protection Class of the House, (2) the Fire Hydrant Distance from House, and (3) the Understatement of Replacement Cost. With respect to areas (1) and (3), the

2

magistrate judge recommended defendant's summary judgment motion be granted, and neither party has objected. However, the magistrate judge also recommended that summary judgment be denied as to area (2), the distance of the fire hydrant from the house, noting genuine issues of material fact due to conflicting evidence in the record. Defendant objects to the magistrate judge's recommendation solely as to this issue—misrepresentation regarding the distance of the fire hydrant from the house. Plaintiff has responded, arguing that the magistrate judge correctly noted that disputed factual issues remain.

Defendant argues that plaintiff has failed as a matter of law to establish the essential elements of its claim that the alleged hydrant distance representation was material because the Graham house was located in Fire Protection Class Five, regardless of the location of the hydrant. Further, defendant argues that the "conflicting evidence" referred to in the M&R is a conflict between different parts of plaintiff's own Rule 30(b)(6) testimony and therefore is not a solid basis for avoiding summary judgment. Finally, it argues that when read in context, there is no material conflict.

However, a review of the record convinces the court that the magistrate judge correctly concluded there are genuine issues of

3

material fact: "Namely, did the Agency tell Kemper that the Graham house was 1,000 feet from a fire hydrant before Kemper bound coverage? And did Kemper rely on that information or look only to the Fire Protection Class in deciding to grant coverage for the Graham's house?" (M&R at 9.) Furthermore, the magistrate judge correctly noted that issues of negligence and negligent misrepresentation in particular require highly fact-specific inquiry and therefore summary judgment is often inappropriate. See Marcus Bros. Textiles, Inc. v. Price Waterhouse, LLP, 350 S.E.2d 320, 324 (N.C. 1999).

Having reviewed the motion, the M&R, the objections and response and all other pertinent items in the record, the court concludes that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved.

Accordingly, the court hereby adopts the recommendation of the magistrate judge as to the defendant's motion as its own; and, for the reasons stated therein, defendant's motion for summary judgment [DE #39] is GRANTED as to (1) the negligent misrepresentation claim regarding the Fire Protection Class; (2) the negligent and fraudulent misrepresentation claim regarding the understatement of replacement cost; and (3) the breach of contract claim. The defendant's motion for summary judgment is DENIED as to (1) the negligent misrepresentation claim regarding the fire hydrant distance and (2)

4

the negligence claim. This matter remains scheduled for the civil term beginning December 15, 2008.

This 28th day of October 2008.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#26